IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MICHAEL SNOW,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Case No. 13-2500-RDR
                                 )
                                 )
ALLIANCE, INC.                   )
a Kansas Corporation             )
                                 )
          Defendant.             )
```

**MEMORANDUM AND ORDER**

This is a civil action which is before the court upon defendant's motion to dismiss plaintiff's wrongful discharge claim and plaintiff's motion to amend the complaint. For the reasons described below, the court shall decline to exercise supplemental jurisdiction over plaintiff's wrongful discharge claim. This action will render moot defendant's motion to dismiss and plaintiff's motion to amend.

I. PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff's original complaint has two claims. The first claim is that defendant failed to pay plaintiff overtime as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The second claim is a state-law wrongful discharge claim. Plaintiff asserts in the original complaint that his employment was wrongfully terminated for two reasons: first, because of plaintiff's refusal to violate federal and

state law by operating a vehicle while under the influence of prescription medication; and second, to retaliate against plaintiff for complaining and reporting to defendant concerning safety problems with defendant's vehicles - - in other words, whistleblowing. Plaintiff asserts federal question jurisdiction over the FLSA claim, pursuant to 28 U.S.C. § 1331. Plaintiff asserts supplemental jurisdiction over the wrongful discharge claim under 28 U.S.C. § 1367.

II. DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

Defendant has filed a motion to dismiss plaintiff's second claim. The motion argues that Kansas law does not recognize a cause of action alleging termination for refusing to violate federal and state law. The motion further argues that plaintiff's allegations fail to assert a plausible claim for retaliation against whistleblowing.

In response, plaintiff has decided to drop his whistleblowing claim. But, plaintiff contends that Kansas law does recognize a cause of action alleging wrongful termination for refusing to violate federal and state law, and plaintiff has sought leave to amend the complaint to further elucidate the facts which plaintiff argues in support of such a claim. Defendant opposes the proposed amended complaint on the grounds

2

that Kansas law does not recognize a cause of action for wrongful discharge upon the facts alleged by plaintiff.

Plaintiff's proposed amended complaint alleges that on March 13, 2013, after the work day, plaintiff took prescription cough medicine containing codeine. It further alleges that later that evening he was instructed by defendant to drive a tractor trailer at 6:30 a.m. the next morning from Kiowa, Kansas to another location. Plaintiff alleges that he told defendant's representative that the medication would still be in his system at that time and that it would be unlawful for plaintiff to drive the tractor trailer under those conditions. Plaintiff alleges that he was fired the next morning at which time he told defendant's representative that it was a violation of federal motor carrier regulations to drive a commercial motor vehicle while the prescription drug was in his system. Plaintiff claims he was told that the discharge decision had been made by the CEO of defendant. Plaintiff further alleges that defendant's representatives either knew it would be unlawful for plaintiff to drive the vehicle, or that they did not attempt to determine if would be legal. Plaintiff asserts that as the one-time Safety and Training Coordinator for defendant, he was familiar with the Federal Motor Carrier Safety Administration regulations.

III. THE COURT SHALL DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S WRONGFUL DISCHARGE CLAIM.

The court finds that it is not clear whether a Kansas court would recognize a cause of action for wrongful discharge under the facts alleged by plaintiff. The Kansas Supreme Court has broadly stated that an action for retaliatory discharge could be brought when there has been retaliation against opposition to illegal activity or other actions contrary to public policy interests. In <u>Brown v. United Methodist Homes for the Aged</u>, 815 P.2d 72, 81 (Kan. 1991), the court stated:

> A second exception [to the employment-at-will doctrine] has been recognized in suits of a tort nature for retaliatory discharge based on the theory that dismissal of employees for reasons violative of a particular public policy are actionable. Conduct of an employer violative of public policy and giving rise to a cause of action has been recognized when an employee is discharged in retaliation for opposing an illegal or unethical activity of the employer, in retaliation for filing workers compensation claims, in retaliation for exercising rights under labor-management relations statutes, as a penalty for refusing to take a polygraph exam, as a penalty for taking time to serve on jury duty, and for various other violations of public policy interests.

More recently, in <u>Campbell v. Husky Hogs, LLC</u>, 255 P.3d 1, 5 (Kan. 2011), the court seemed to expansively describe the "limited exception" to the at-will employment doctrine, stating: "case law makes it obvious that Kansas courts permit the common-law tort of retaliatory discharge as a limited exception to the

at-will employment doctrine when it is necessary to protect a strongly held state public policy from being undermined."

In Fowler v. Criticare Home Health Services, Inc., 10 P.3d 8 (Kan.App. 2000), the Kansas Court of Appeals avoided a direct answer to the question of whether Kansas recognizes an exception to the employment-at-will doctrine for a discharge in retaliation for refusing to violate the law. There, the plaintiff asserted that he was discharged in retaliation for refusing to break federal law regarding the shipment of firearms. Rather than deciding the broader question, the court found that plaintiff had not proven the factual premises required to establish such a claim.

Decisions from this court have refused to expand exceptions to the employment-at-will doctrine to recognize a wrongful discharge claim for an employee who refuses to perform an illegal act. But, these decisions appear to draw a rather fine distinction between protected and unprotected opposition to illegal activity. In Balfour v. Medicalodges, Inc., 2006 WL 3760410 *19 (D.Kan. 12/19/2006), the court stated that a claim that an employee was fired for refusing to administer illegally prescribed medication was not actionable under Kansas law, but indicated that the allegations might have been transformed into a viable whistleblowing claim if the plaintiff had reported illegal administration of medication to a higher authority. In

5

McCauley v. Raytheon Travel Air Co., 152 F.Supp.2d 1267, 1276 (D.Kan. 2001), a pilot alleged he was fired for refusing to take a flight. The pilot asserted that he refused because he was sick and FAA regulations prohibited pilots from flying if they are sick. The court held that the pilot did not engage in activity protecting him from discharge under Kansas common law, although the court suggested that the result may have been different if the employee had sought the intervention of a higher authority in the company or outside the company.[1]

It is not clear that Kansas courts would draw the same line between refusing to violate the law and reporting illegal activity to a higher authority in this case, that was drawn in Balfour and McCauley.[2] Therefore, rather than decide this unsettled issue of state law, the court shall decline to exercise supplemental jurisdiction over plaintiff's wrongful discharge claim.

---

[1] Defendant has cited Aiken v. Business and Industry Health Group, Inc., 886 F.Supp. 1565 (D.Kan. 1995) and Goodman v. Wesley Medical Center, LLC, 78 P.3d 817, 822-23 (Kan. 2003). We find that neither case directly addresses the issue of whether Kansas recognizes the exception to the employment-at-will doctrine advocated by plaintiff in this case. Each case decided that a discharge over a professional disagreement or conflict in opinion as to what constituted wrongdoing was insufficient to establish a violation of Kansas public policy.

[2] It is noteworthy that in McCauley, the court remarked that the plaintiff pilot "did not even justify his refusal [to take a flight] by explaining that he believed that FAA regulations forbid him from taking the flight." 152 F.Supp.2d at 1276. The facts of plaintiff's refusal to drive the truck may be different in the case at bar.

Under § 1367(c)(1), the court may decline to exercise supplemental jurisdiction over claims raising "a novel or complex issue of State law." In Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997), the court directed that a removed state-law claim be remanded to state court because a substantial issue had been raised as to whether the State of Colorado would recognize a certain privacy claim. Noting that this was "an important developing area of Colorado tort law," the Tenth Circuit decided that "an authoritative state court ruling on the privacy claim should be permitted, instead of a guess or uncertain prediction by a federal court." Id. Similarly, in Merrifield v. Board of County Com'rs, 654 F.3d 1073, 1085-86 (10th Cir. 2011), the Tenth Circuit held that supplemental jurisdiction should not be exercised over state law issues regarding a hearing officer's standard of review of a termination decision where there was no controlling precedent on the issue. The Tenth Circuit noted that if the court had retained the state-law claim and decided to certify one or more questions to the state court, it would require further briefing by the parties. This was a factor in the court determining that any duplication in effort did not justify retaining jurisdiction over the supplemental claims.

Likewise, in this case, the court finds no controlling precedent regarding an issue of importance in Kansas tort law.

This question of whether Kansas recognizes a wrongful discharge action alleging retaliation for refusal to participate in illegal activity, qualifies as a "novel or complex" state-law issue and the interests of comity support having the state court decide it.

This case is still in its early stages and the court finds that there are no compelling reasons of economy or fairness to exercise supplemental jurisdiction. If the court did exercise supplemental jurisdiction over the state-law claim and certified questions for Kansas Supreme Court decision, there are issues which might arise as to when the facts or allegations have been sufficiently developed to certify a question or questions, and how those questions should be presented to the Kansas Supreme Court. It is also possible, if this court did not certify a question regarding the employment-at-will doctrine and exercised supplemental jurisdiction, that the Tenth Circuit would certify a question or questions on appeal. Of course, certification to the Kansas Supreme Court would require briefing by the parties to that court and quite possibly to this court. In sum, the court is not convinced that exercising supplemental jurisdiction will materially conserve the resources of the court and the parties.

IV. CONCLUSION

In summary, it appears consistent with comity, fairness and efficiency for the court to decline supplemental jurisdiction over plaintiff's wrongful discharge claim. Therefore, that claim shall be dismissed without prejudice. This decision renders moot defendant's motion to dismiss (Doc. No. 8) and plaintiff's motion to amend (Doc. No. 19).

**IT IS SO ORDERED.**

Dated this 14th day of March, 2014, at Topeka, Kansas.

s/Richard D. Rogers
Richard D. Rogers
United States District Judge